Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** Michael Brown Richesin

**Case Number:** 04-10884

## Document Information

**Description:** Order Denying [65-1] Amended Plan, [26-1] Amended Plan. See order for specific details.

**Received on:** 2005-02-16 10:23:51.000

**Date Filed:** 2005-02-16 00:00:00.000

**Date Entered On Docket:** 2005-02-16 00:00:00.000

## Filer Information

**Submitted By:** Patti Hennessy

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:   MICHAEL BROWN RICHESIN,                              No. 13-04-10884 MR

Debtor.

## ORDER DETERMINING THAT DEBTOR IS INELIGIBE FOR CHAPTER 13 RELIEF UNDER 11 U.S.C. § 109(e)

THIS MATTER is before the Court on confirmation of the Debtor's First Amended Chapter 13 Plan, on the limited issue of the Debtor's eligibility for relief under Chapter 13 under 11 U.S.C. § 109(e). The Court held a final hearing on February 1, 2005. Debtor Michael Richesin was represented by William Davis. Creditor Robert Palmer, M.D., was represented by George Moore. Dr. Palmer asserts that the Debtor is ineligible for relief under Chapter 13 of the Bankruptcy Code because the Debtor's total unsecured debt exceeds the debt limitations set forth under 11 U.S.C. § 109(e). Whether the Debtor is eligible for Chapter 13 relief depends on whether the debt to Dr. Palmer is liquidated and non-contingent. If Dr. Palmer's claim is included in the computation of unsecured debts, the Debtor is ineligible for Chapter 13 relief under 11 U.S.C. § 109(e). After considering the evidence, and being otherwise sufficiently informed, the Court finds that the debt to Dr. Palmer is neither unliquidated, nor contingent. Consequently the debt must be included in the total unsecured debt, rendering the Debtor ineligible for Chapter 13 relief under 11 U.S.C. § 109(e).

FACTS AND BACKGROUND

Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on February 10, 2004. Prior to the filing of the Debtor's bankruptcy proceeding, Dr. Palmer instituted a civil lawsuit against Michael Mickey Richesin, Janet Richesin, A & J Automotive, A & J Automotive,

1

Inc., MJR Enterprises, Ltd., Car Company, Inc., Property Investments, Ltd., and Larry Lanphere in the Second Judicial District Court, as Case Number C-202-CV-9812303 ("State Court Action"). An Order was entered in the State Court Action on Dr. Palmer's motion for partial summary judgment on December 9, 2003. The Order found that "the promissory note and addendum are liabilities of A&J Automotive, a New Mexico partnership, and its partners Mickey Richesin and Janet Richesin," and that "Mickey Richesin and Janet Richesin, partners, are jointly and severally liable for payments pursuant to the promissory note and addenda." *See* Exhibit 2. Post-petition, a Judgment was entered in the State Court Action which referenced the prior Order establishing that Mr. Richesin was jointly and severally liable. *See* Exhibit 1, ¶ 1. The Judgment found that the amount of the liability was $251,109.33. *Id.* The Judgment was not entered against Mr. Richesin due to the filing of his bankruptcy proceeding and the imposition of the automatic stay pursuant to 11 U.S.C. § 362. *Id.,* ¶ 2.

Dr. Palmer's Proof of Claim identifies the claim as an unsecured claim in the total amount of $266,597.53. (*See* Claim #7). A copy of the Judgment is attached to the Proof of Claim as evidence of the claim. There is no copy of the underlying promissory note or addenda before the Court. Debtor lists Dr. Palmer's claim on his Schedule F as a contingent, disputed, unliquidated claim in the amount of $100,000.00 based on a personal guaranty of business debt. Debtor has not filed an objection to the claim of Dr. Palmer in this bankruptcy proceeding.

DISCUSSION

In 2004, when the Debtor filed his bankruptcy petition, "[o]nly an individual with regular income that owes, on the date of the filing of the petition, noncontingent liquidated, unsecured debts of less than $290,525 and noncontingent liquidated secured debts of less than $871,550" is eligible for

Chapter 13 relief. 11 U.S.C. § 109(e).[1] The parties agree that if the claim of Dr. Palmer is included in the calculation of unsecured debts, the Debtor exceeds the debt limitation contained in 11 U.S.C. § 109(e) and is not eligible for Chapter 13 relief.[2] This is true even if Dr. Palmer's claim is valued at the $100,000.00 figure listed in Debtor's Schedule F.[3]

Debtor asserts that the debt to Dr. Palmer is unliquidated and contingent because no judgment has yet been entered against the Debtor and because the promissory note and addenda that allegedly form the basis of Dr. Palmer's claim are not before the Court. Debtor argues further that until every act is completed to make a debt collectible, it remains contingent. Here, because no judgment has been entered against Debtor individually, Debtor contends liability has not yet attached and the debt, therefore, remains contingent. This Court disagrees.

---

[1] The debt limitations were increased in 2005 to $307,675 for unsecured debt and $922,975 for secured debt. *See* 11 U.S.C. § 109(e).

[2] The secured debt limitation contained in 11 U.S.C. § 109(e) is not at issue. In closing argument Debtor conceded that the claim of the Internal Revenue Service ("IRS") must be included in the unsecured debt calculation, though the Debtor lists the priority and unsecured claims of the IRS as contingent, unliquidated, and disputed in Schedules E and F. Tax obligations are non-contingent claims when the taxpayer's duty to pay is imposed by statute and arises upon non-payment of the taxes. *See Mazzeo v. United States (In re Mazzeo),* 131 F.3d 295, 303 (2nd Cir. 1997) (holding that statute imposing personal liability on person responsible for failure to pay business' withholding taxes makes the tax debt non-contingent for purposes of determining eligibility under 11 U.S.C. § 109(e)).

[3] In computing the total unsecured claims, the Court should look primarily to the debtor's statements and schedules and the filed proofs of claim, but "neither place total reliance upon a debtor's characterization of a debt nor rely unquestionably on a creditor's proof of claim . . . " *Barcal v. Laughlin (In re Barcal),* 213 B.R. 1008, 1015 (8th Cir. BAP 1997) (citation omitted). The Internal Revenue Service filed an amended claim listing $81,612.87 as a priority unsecured claim and $79,908.28 as a general unsecured claim. (*See* Claim # 12 and Claim # 16). Based on the figures listed in Debtor's Amended Schedule F, the total unsecured debt, including the IRS's priority claim, as amended, but excluding Dr. Palmer's claim entirely, is $209,988.49.

3

Only debts that are contingent or unliquidated as of the date of the filing of the bankruptcy petition can be excluded from the debt calculation to determine eligibility under 11 U.S.C. § 109(e). Whether a debt is "liquidated" depends on "the certainty or uncertainty of the amount due." *In re McGovern,* 122 B.R. 712, 716 (Bankr.N.D.Ind. 1989). If the amount of the debt is "readily ascertainable," it is liquidated. *In re Hanson,* 275 B.R. 593, 596 (Bankr.D.Colo. 2002)(citation omitted). Whether a debt is "contingent" depends on whether the facts that give rise to liability are based on a future event. *Mazzeo,* 131 F.3d at 303. A debt is "noncontingent when all of the events giving rise to liability for the debt occurred prior to the debtor's filing for bankruptcy." *Id.* "'Only if liability relies on some future extrinsic event which may never occur will the debt be held to be contingent.'" *In re Reader,* 274 B.R. 893, 896 (Bankr.D.Colo. 2002) (quoting *In re Nesbit,* 2000 WL 294834, at *2) (Bankr.W.D.Pa. 2000)).

A debt is not unliquidated or contingent merely because a debtor disputes the debt. *Hanson,* 275 B.R. at 596 ("'merely because a debtor disputes a debt, or has potential defenses or counterclaims that might reduce the creditors' actual collection, the debt is not thereby rendered 'contingent' or 'unliquidated'") (quoting *In re Crescenzi,* 69 B.R. 65 S.D.N.Y. 1986)). "[T]he vast majority of courts have held that the existence of a dispute over either the underlying liability or the amount of a debt, does not automatically render the debt either contingent or unliquidated." *In re Jordan,* 166 B.R. 201, 202 (Bankr.D.Me. 1994).

Here, the debt at issue is both liquidated and non-contingent. It is liquidated because the amount of the debt can be readily ascertained. Debtor describes the debt to Dr. Palmer in his Schedule F, as a "personal guaranty on business debt," and ascribes a value of $100,000.00, though the debt is

4

characterized as "contingent," "unliquidated," and "disputed." Dr. Palmer's proof of claim states that the basis for the claim is "money loaned," attaches a copy of the Judgment, and values the claim at $266,597.53. Though the note and addenda upon which the liability is based are not before the Court, promissory notes are the types of contractual obligations that are considered liquidated for purposes of determining eligibility because the amount is readily calculable. *See, e.g., In re Fostvedt,* 823 F.2d 305, 306 (9th Cir. 1987) (rejecting debtor's argument that liability on promissory note was unliquidated and contingent because amount he ultimately would be required to pay depended upon what portion of the note the co-obligors paid); *In re Burgat,* 68 B.R. 408, 411 (Bankr.D.Colo. 1986) (claim premised in part on promissory note arising from underlying franchise agreement was liquidated notwithstanding complexity in determining exact amount of debt, and notwithstanding debtor's affirmative defenses to the claim), *In re Pulliam,* 90 B.R. 241, 244 (Bankr.N.D.Tex. 1988) (claims against guarantor were liquidated because the amount was ascertainable from unconditional guaranty contracts and promissory notes, notwithstanding fact that creditor stated that its claims were undetermined in the proof of claim). In contrast, "[t]ort claims such as fraud, piercing the corporate veil, or quantum meruit, which were disputed and where proof as to liability and damages is *still* to be produced, were likened to and deemed contingent in nature." *In re Clark,* 91 B.R. 570, 574 (Bankr.D.Colo. 1988) (emphasis in original). Given that the debt is based on a promissory note, and addenda, and given that the State Court Action has already determined that the Debtor is jointly and severally liable for the debt, the Court finds that the debt at issue is liquidated in the minimum amount of $100,000.00 as listed in the Debtor's Statements and Schedules.

Debtor points out that the Judgment was entered post-petition, and was not entered against him

5

personally. But the fact that the Judgment was not entered against him personally does not render the debt unliquidated, which only concerns the amount of the debt, not the existence of liability. *See McGovern,* 122 B.R. at 715 ("Liquidation relates only to the amount of any liability. It does not concern the existence of liability itself."). Moreover, "[a] debtor's dispute, defenses or counterclaims do not affect the character and classification of a claim as being *liquidated*." *In re Clark,* 91 B.R. at 574 (emphasis in original) (citations omitted).

That no judgment was entered against Debtor as of the date of the petition relates more to whether the debt is contingent than whether the debt is liquidated. However, the entry of a judgment is not a pre-requisite to liability for purposes of determining whether a debt is non-contingent. *See, e.g., In re Knight,* 55 F.3d 231, 236 (7th Cir. 2995) (rejecting debtor's argument that fines and penalties assessed against him were contingent because no judgment had been entered as of the petition date); *Reader,* 274 B.R. at 897 (debt not contingent, though debt not reduced to judgment as of petition date); *Jordon,* 166 B.R. at 201-202 (claim raised in civil lawsuit not contingent though debtor filed bankruptcy before a judgment was entered). All of these cases focus on whether all acts that give rise to liability occurred pre-petition. As explained by the Bankruptcy Court in *In re McGovern,*

> The proper characterization of a claim as contingent or noncontingent depends upon events that have already taken place, as opposed to events which have yet to occur. So long as all of the allegations upon which the fact of liability is based related to events that have already occurred the claim is noncontingent. We are not concerned with the uncertainty that exists over whether or not the finder of fact will ultimately determine that those events actually occurred and impose liability. Otherwise, every claim, whether in contract or tort, would be contingent until judgment had been entered.
>
> *McGovern,* 122 B.R. at 716.

When "'all of the allegations upon which the fact of liability is based relate to events that have already

6

Case 04-10884-j7    Doc 71    Filed 02/16/05    Entered 02/16/05 11:16:00 Page 7 of 9

occurred'" the claim is noncontingent. *Knight,* 55 F.3d at 236 (quoting *In re McGovern* at 716). Courts focus on the "triggering event" that causes liability to determine whether a debt is contingent. *See Mazzeo,* 131 F.3d at 303 ("'a claim is contingent as to liability if the debtor's legal duty to pay does not come into existence until triggered by the occurrence of a future event . . . . [A] creditor's claim is not contingent when the 'triggering event' occurred prior to the filing of the chapter 13 petition.'") (quoting 2 *Collier on Bankruptcy* ¶ 109.06[2][b] (Lawrence P. King, ed., 15th ed. rev. 1997)).

In this case, there were two pre-petition triggering events that render the debt non-contingent. The second event, the entry of the Order finding the Debtor jointly and severally liable for payments due under the note and addenda, presupposes the first event: the failure to pay. Because all events that give rise to the Debtor's liability occurred pre-petition, the debt at issue is not contingent. The debt to Dr. Palmer must be included in the total amount of unsecured debt as of the date of the petition.

Based on the foregoing, the Court concludes that the Debtor's unsecured debts exceed the limits set forth in 11 U.S.C. § 109(e). The Debtor is, therefore, ineligible for relief under Chapter 13 of the Bankruptcy Code.

WHEREFORE, IT IS HEREBY ORDERED, that the Debtor's First Amended Chapter 13 Plan is DENIED confirmation. Debtor may seek to convert his proceeding to Chapter 7 or Chapter 11 in accordance with 11 U.S.C. § 1307 within fifteen days of the entry of this Order, or the case will be dismissed.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

7

Case 04-10884-j7    Doc 71    Filed 02/16/05    Entered 02/16/05 11:16:00 Page 8 of 9

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

William F. Davis
Attorney for Debtor
PO Box 6
Albuquerque, NM 87103 -6

George Moore
Attorney for Dr. Palmer
PO Box 216
Albuquerque, NM 87103

Annette DeBois
Attorney for Chapter 13 Trustee
625 Silver Ave. SW, Suite 350
Albuquerque, NM 81702

_____
Patti G. Hennessy
Law Clerk
(505) 348-2545

8